# **EXHIBIT A**

**EXHIBIT A**



1201 Wills Street, Suite 320
Baltimore, MD 21231
410.406.6067   410.230.0667 fax

New Jersey

New York

Delaware

Texas

Florida

Washington, DC

H.C. Jones III
Member
Admitted in MD

Direct Line: 410-528-2975
Direct Fax: 410-528-9403
E-Mail: hjones@coleschotz.com

February 25, 2026

**Via ECF**
Honorable David E. Rice
United States Bankruptcy Court
District of Maryland
101 W Lombard St.
Baltimore, MD 21201

      Re:    *Alliance Entertainment LLC v. Diamond Comic Distributors, et al.*
             Adv. Proc. No. 25-00112 (DER)

Dear Judge Rice:

      This firm represents defendants Charlie Tyson and Dan Hirsch in connection with the above-referenced adversary proceeding. We write in response to Mr. Moonan's letter dated February 24, 2026 [Adv. Docket No. 60-1] which enclosed Plaintiff's proposed schedule. We have conferred with counsel for the other co-defendants in this action (together with Mr. Tyson and Mr. Hirsch, the "Defendants"). They have reviewed and approved this letter, along with the enclosed blackline of Plaintiff's proposed schedule. The enclosed blackline contains the changes to the Plaintiff's proposed schedule that the Defendants will ask the Court to approve at tomorrow's scheduling conference. A clean version of the Defendants' proposed schedule is also enclosed herewith.

      As Plaintiff noted, the parties met and conferred to determine whether a joint discovery plan could be submitted. While the parties narrowed certain issues of disagreement, unfortunately they were unable to reach agreement on all proposed schedule dates. Given the serious allegations in the lawsuit against certain Defendants, and to reduce costs, the Defendants prefer that the Court schedule a trial in this matter as soon as practicable. Specifically, the Defendants propose that fact discovery be completed by July 20, 2026, which would give Plaintiff nearly five months to complete depositions.[1] The Defendants respectfully submit that allowing fact discovery to drag on through the end of October is an invitation to needlessly prolong discovery and would

---

[1] Plaintiff's letter indicates that the Defendants requested the completion of fact discovery by June. That was the Defendants' initial proposal, but in an effort to compromise, the Defendants advised Plaintiff that they would agree to extend their requested fact discovery cutoff by another month.



February 25, 2026
Page 2

unnecessarily increase the costs in this matter and delay the trial, which the Defendants very much look forward to having.

      The Defendants respectfully submit that, if document productions are substantially completed by June 8, 2026, which would place a heavier burden on the Defendants than on Plaintiff, the parties should strive to complete depositions within approximately six weeks thereafter.  The Defendants understand that litigation is unpredictable, and that there may be a need to extend the schedule if there are unanticipated delays in document productions or scheduling depositions; however, the Defendants request that the case be placed on a timeframe with the intent of making good-faith effort to get the case trial ready as soon as practicable.

      The Defendants also propose that the deadline for the joinder of additional parties or amending the pleadings should be set for April 24, 2026, not July 24, 2026.  The addition of parties, allegations or claims at the conclusion of fact discovery would have the unfortunate impact of essentially restarting the discovery process.  If Plaintiff wishes to add additional parties, allegations or claims it should be required to do so earlier in the case to avoid unnecessary delays or cause the need for supplemental discovery to deal with new parties or claims.  Should Plaintiff unearth additional claims through discovery it can always seek leave to amend or to conform the pleadings to the evidence after trial.

      We look forward to answering any questions on the Defendants' proposal at tomorrow's conferences.

      Respectfully Submitted,

      COLE SCHOTZ P.C.

      */s/ H.C. Jones III*

      H.C. Jones III

cc:    All Counsel of Record

Enclosures

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc. *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |
| Alliance Entertainment, LLC, <br><br> Plaintiff, <br> v. <br><br> Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; Diamond Select Toys & Collectibles, LLC, Raymond James & Associates, Inc., Getzler Henrich & Associates LLC, Robert Gorin, Charlie Tyson, and Dan Hirsch, <br><br> Defendants. | Adv. Proc. No. 25-00112 (DER) |
| Diamond Comic Distributors, Inc. and Diamond Select Toys & Collectibles, LLC, <br><br> Counterclaim Plaintiffs, <br> v. <br> Alliance Entertainment, LLC, <br><br> Counterclaim Defendant. | |

**<u>JOINT RULE 26(f) REPORT</u>**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, applicable in this proceeding pursuant to Federal Rules of Bankruptcy Procedure 7026, Counsel for Plaintiff/Counterclaim Defendant, Alliance Entertainment, LLC; Counsel for the Chapter 7

1

Trustee; Raymond James & Associates, Inc.; Getzler Henrich & Associates LLC; Robert Gorin; Charlie Tyson; and Dan Hirsch (hereinafter "the Parties") conferred on February 24, 2026 to consider the nature and basis of their claims and defenses, the possibilities of a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan.

1. **Electronic Discovery**. The Parties are directed to Rule 26(f), which, *inter alia*, addresses preservation of discoverable information, discovery of electronically stored information ("ESI"), and claims of privilege or work product protection. The Parties are also directed to the Principles for the Discovery of Electronically Stored Information in Civil Cases (as set forth by the United States District Court for the District of Maryland). ESI Documents shall be produced electronically pursuant to the terms of a mutually agreed upon ESI Protocol. This production protocol may be modified by mutual agreement or by court order.

2. **Rule 26 Disclosures**. The Parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before March 10, 2026.

3. **Discovery**. The Parties have agreed that they may propound document requests, interrogatories, and requests for admissions pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, which response shall be made within 30 days of service. Unless otherwise ordered by the Court or agreed to by the Parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

    (a) **Discovery Requests**. The Parties shall serve all document requests, interrogatories, and requests for admissions on or before March 16, 2026.

    (b) **Substantial Document Production Completion Date.** Document production shall be substantially completed by June 8, 2026.

    (c) **Fact Discovery Cut Off**. The Parties have agreed that, except for Rule 26(a)(1) disclosures, all fact discovery in this case will be completed on or before July 20, 2026. The Parties have agreed that they may take fact depositions at any time prior to the expiration of the fact discovery deadline.

    (d) **Privilege Logs**. Privilege logs shall be produced in accordance with the Federal Rules of Civil Procedure so as to be completed within fourteen (14) business days of the related document production. Privileged communications occurring after April 29, 2025, need not be included on a privilege log.

(e) **Experts**. The Parties do not presently intend to call any expert witnesses. To the extent that changes, the Parties will meet and confer to discuss deadlines pertaining to expert discovery.

4. **Protective Orders and ESI Protocol**. The Parties will submit a confidentiality order and ESI Protocol to the Court for approval on or before April 3, 2026.

5. **Case Dispositive Motions**. Any dispositive motions must be filed thirty (30) days after the completion of fact discovery. Answering briefs in opposition thereto are due thirty (30) days later, with reply briefs to be filed fourteen (14) days after the filing of any answering briefs.

6. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before April 24, 2026.

7. **Pretrial Order**. If this adversary proceeding cannot be resolved on dispositive motions, the Parties have agreed to file a Joint Pretrial Report within thirty (30) days of the Court's ruling on dispositive motions.

8. **Length of Trial**. The Parties estimate that the time required to try this adversary proceeding will be four (4) days.

9. **Other Matters**. There are no other matters that need to be raised at this time.

*[Signature Pages to Follow]*

3

| | |
|---|---|
| /s/ | /s/ |
| Jonathan A. Grasso, 19278 | Morgan W. Fisher (Bar No. 2811) |
| 185 Admiral Cochrane Drive, Suite 130 | Law Offices of Morgan Fisher, LLC |
| Annapolis, Maryland 21401 | 18 West Street |
| (443) 569-0758 | Annapolis, Maryland 21401 |
| jgrasso@yvslaw.com | Telephone: (410) 626-6111 |
| | Email: mwf@morganfisherlaw.com |
| -and- | |
| | -and- |
| S. Jason Teele (admitted *pro hac vice*) | |
| Sills Cummis & Gross P.C. | Drew M. Dilworth (*pro hac vice* submitted) |
| One Riverfront Plaza | Eric J. Silver (*pro hac vice* submitted) |
| Newark, New Jersey 07102 | Darrell Payne (*pro hac vice* to be submitted) |
| (973) 643-4779 | Veronica de Zayas (*pro hac vice* to be submitted) |
| steele@sillscummis.com | Stearns Weaver Miller et al. |
| | 150 West Flagler Street |
| -and- | Suite 2200 |
| | Miami, Florida 33130 |
| Randy Moonan (admitted *pro hac vice*) | Telephone: (305) 789-3200 |
| Sills Cummis & Gross P.C. | ddillworth@stearnsweaver.com |
| 101 Park Avenue, 28th Floor | esilver@stearnsweaver.com |
| New York, New York 10178 | dpayne@stearnsweaver.com |
| 212-500-1557 | vdezayas@stearnsweaver.com |
| rmoonan@sillscummis.com | *Counsel for Defendants-Counterclaim* |
| *Counsel for Alliance Entertainment, LLC* | *Plaintiffs/Chapter 7 Trustee* |
| /s/ | /s/ |
| Matthew G. Summers (Fed. Bar No. 26572) | Mark L. Desgrosseilliers (Bar No. 25945) |
| Ballard Spahr LLP | Kelly E. Rowe (Bar No. 31726) |
| 111 South Calvert Street, 27th Floor | Gregory Stuhlman (admitted *pro hac vice*) |
| Baltimore, Maryland 21202-6174 | Robert A. Weber (Bar No. 10105) |
| Telephone: (410) 528-5679 | Chipman Brown Cicero & Cole, LLP |
| summersm@ballardspahr.com | 1313 North Market Street, Suite 5400 |
| | Wilmington, Delaware 19801 |
| -and- | Telephone: (302) 295-0191 |
| | desgross@chipmanbrown.com |
| Nicholas J. Brannick (admitted *pro hac vice*) | rowe@chipmanbrown.com |
| Ballard Spahr LLP | stuhlman@chipmanbrown.com |
| 919 North Market Street, 11th Floor | weber@chipmanbrown.com |
| Wilmington, Delaware 19801 | *Counsel for Getzler Henrich & Associates, LLC and* |
| Telephone: (302) 252-4465 | *Robert Gorin* |
| brannickn@ballardspahr.com | |
| *Counsel for Raymond James & Associates, Inc.* | |

4

_/s/_
G. David Dean, Esq. (Bar No. 26987)
Cole Schotz P.C.
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
ddean@coleschotz.com

-and-

H.C. Jones, III, Esq. (Bar No. 20064)
Cole Schotz P.C.
1201 Wills Street, Suite 320
Baltimore, MD 21231
Telephone: (410) 230-0660
Facsimile: (410) 230-0667
hjones@coleschotz.com

-and-

Kori L. Pruett, Esq. (admitted *pro hac vice*)
Cole Schotz P.C.
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
kpruett@coleschotz.com
*Counsel for Defendants Charlie Tyson and Dan Hirsch*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc. *et al.*,<br><br>Debtors. | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered) |
| Alliance Entertainment, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; Diamond Select Toys & Collectibles, LLC, Raymond James & Associates, Inc., Getzler Henrich & Associates LLC, Robert Gorin, Charlie Tyson, and Dan Hirsch,<br><br>Defendants. | Adv. Proc. No. 25-00112 (DER) |
| Diamond Comic Distributors, Inc. and Diamond Select Toys & Collectibles, LLC,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>Alliance Entertainment, LLC,<br><br>Counterclaim Defendant. | |

## JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, applicable in this proceeding pursuant to Federal Rules of Bankruptcy Procedure 7026, Counsel for Plaintiff/Counterclaim Defendant, Alliance Entertainment, LLC; Counsel for the Chapter 7

1

69873/0001-52566752v2

Trustee; Raymond James & Associates, Inc.; Getzler Henrich & Associates LLC; Robert Gorin; Charlie Tyson; and Dan Hirsch (hereinafter "the Parties") conferred on February 24, 2026 to consider the nature and basis of their claims and defenses, the possibilities of a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan.

1. **Electronic Discovery**. The Parties are directed to Rule 26(f), which, *inter alia*, addresses preservation of discoverable information, discovery of electronically stored information ("ESI"), and claims of privilege or work product protection. The Parties are also directed to the Principles for the Discovery of Electronically Stored Information in Civil Cases (as set forth by the United States District Court for the District of Maryland). ESI Documents shall be produced electronically pursuant to the terms of a mutually agreed upon ESI Protocol. This production protocol may be modified by mutual agreement or by court order.

2. **Rule 26 Disclosures**. The Parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before March 10, 2026.

3. **Discovery**. The Parties have agreed that they may propound document requests, interrogatories, and requests for admissions pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, which response shall be made within 30 days of service. Unless otherwise ordered by the Court or agreed to by the Parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

    (a) **Discovery Requests**. The Parties shall serve all document requests, interrogatories, and requests for admissions on or before March 16, 2026.

    (b) **Substantial Document Production Completion Date.** Document production shall be substantially completed by ~~August 31~~June 8, 2026.

    (c) **Fact Discovery Cut Off**. The Parties have agreed that, except for Rule 26(a)(1) disclosures, all fact discovery in this case will be completed on or before ~~October 31~~July 20, 2026. The Parties have agreed that they may take fact depositions at any time prior to the expiration of the fact discovery deadline.

    (d) **Privilege Logs**. Privilege logs shall be produced in accordance with the Federal Rules of Civil Procedure so as to be completed within fourteen (14) business days of the related document production. Privileged communications occurring after April 29, 2025, need not be included on a privilege log.

2

   (e) **Experts**.  The Parties do not presently intend to call any expert witnesses.  To the extent that changes, the Parties will meet and confer to discuss deadlines pertaining to expert discovery.

4. **Protective Orders and ESI Protocol**. The Parties will submit a confidentiality order and ESI Protocol to the Court for approval on or before April 3, 2026.

5. **Case Dispositive Motions**.  Any dispositive motions must be filed thirty (30) days after the completion of fact discovery.  Answering briefs in opposition thereto are due thirty (30) days later, with reply briefs to be filed fourteen (14) days after the filing of any answering briefs.

6. **Joinder of Other Parties and Amendment of Pleadings**.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before ~~July~~April 24, 2026.

7. **Pretrial Order**.  If this adversary proceeding cannot be resolved on dispositive motions, the Parties have agreed to file a Joint Pretrial Report within thirty (30) days of the Court's ruling on dispositive motions.

8. **Length of Trial**.  The Parties estimate that the time required to try this adversary proceeding will be four (4) days.

9. **Other Matters**.  There are no other matters that need to be raised at this time.

*[Signature Pages to Follow]*

3

| | |
|---|---|
| /s/<br>Jonathan A. Grasso, 19278<br>185 Admiral Cochrane Drive, Suite 130<br>Annapolis, Maryland 21401<br>(443) 569-0758<br>jgrasso@yvslaw.com<br><br>-and-<br><br>S. Jason Teele (admitted *pro hac vice*)<br>Sills Cummis & Gross P.C.<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>(973) 643-4779<br>steele@sillscummis.com<br><br>-and-<br><br>Randy Moonan (admitted *pro hac vice*)<br>Sills Cummis & Gross P.C.<br>101 Park Avenue, 28th Floor<br>New York, New York 10178<br>212-500-1557<br>rmoonan@sillscummis.com<br>*Counsel for Alliance Entertainment, LLC* | /s/<br>~~Zvi Guttman (06902)~~Morgan W. Fisher (Bar No. 2811)<br>~~The~~ Law Offices of ~~Zvi Guttman, P.A.~~Morgan Fisher, LLC<br>~~Post Office Box 32308~~18 West Street<br>~~Baltimore~~Annapolis, Maryland ~~21282~~21401<br>Telephone: (410) ~~580-0500~~626-6111<br>Email: ~~zvi@zviguttman~~mwf@morganfisherlaw.com<br><br>-and-<br><br>Drew M. Dilworth (*pro hac vice* submitted)<br>Eric J. Silver (*pro hac vice* submitted)<br>Darrell Payne (*pro hac vice* to be submitted)<br>Veronica de Zayas (*pro hac vice* to be submitted)<br>Stearns Weaver Miller et al.<br>150 West Flagler Street<br>Suite 2200<br>Miami, Florida 33130<br>Telephone: (305) 789-3200<br>ddillworth@stearnsweaver.com<br>esilver@stearnsweaver.com<br>dpayne@stearnsweaver.com<br>vdezayas@stearnsweaver.com<br>*Counsel for Defendants-Counterclaim Plaintiffs/Chapter 7 Trustee* |
| /s/<br>Matthew G. Summers (Fed. Bar No. 26572)<br>Ballard Spahr LLP<br>111 South Calvert Street, 27th Floor<br>Baltimore, Maryland 21202-6174<br>Telephone: (410) 528-5679<br>summersm@ballardspahr.com<br><br>-and-<br><br>Nicholas J. Brannick (admitted *pro hac vice*)<br>Ballard Spahr LLP<br>919 North Market Street, 11th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4465<br>brannickn@ballardspahr.com | /s/<br>Mark L. Desgrosseilliers (Bar No. 25945)<br>Kelly E. Rowe (Bar No. 31726)<br>Gregory Stuhlman (admitted *pro hac vice*)<br>Robert A. Weber (Bar No. 10105)<br>Chipman Brown Cicero & Cole, LLP<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone: (302) 295-0191<br>desgross@chipmanbrown.com<br>rowe@chipmanbrown.com<br>stuhlman@chipmanbrown.com<br>weber@chipmanbrown.com<br>*Counsel for Getzler Henrich & Associates, LLC and Robert Gorin* |

4

*Counsel for Raymond James & Associates, Inc.*

__/s/_____
G. David Dean, Esq. (Bar No. 26987)
Cole Schotz P.C.
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
ddean@coleschotz.com

-and-

H.C. Jones, III, Esq. (Bar No. 20064)
Cole Schotz P.C.
1201 Wills Street, Suite 320
Baltimore, MD 21231
Telephone: (410) 230-0660
Facsimile: (410) 230-0667
hjones@coleschotz.com

-and-

Kori L. Pruett, Esq. (admitted *pro hac vice*)
Cole Schotz P.C.
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
kpruett@coleschotz.com
*Counsel for Defendants Charlie Tyson and Dan Hirsch*