

DAVID E. RICE
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc. *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |
| Alliance Entertainment, LLC, | |
| Plaintiff, | |
| v. | |
| Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; Diamond Select Toys & Collectibles, LLC, Raymond James & Associates, Inc., Getzler Henrich & Associates LLC, Robert Gorin, Charlie Tyson, and Dan Hirsch, | Adv. Proc. No. 25-00112 (DER) |
| Defendants. | |
| Diamond Comic Distributors, Inc. and Diamond Select Toys & Collectibles, LLC, | |
| Counterclaim Plaintiffs, | |
| v. | |
| Alliance Entertainment, LLC, | |
| Counterclaim Defendant. | |

**SCHEDULING ORDER**

For good cause appearing, IT IS ORDERED

1. The Parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **March 10, 2026**.

2. The Parties may propound document requests, interrogatories, and requests for admissions pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, which response shall be made within 30 days of service. Unless otherwise ordered by the Court or agreed to by the Parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

    (a) **Discovery Requests**. The Parties shall serve all document requests, interrogatories, and requests for admissions on or before **March 16, 2026**.

    (b) **Substantial Document Production Completion Date**. Document production shall be substantially completed by **August 31, 2026**.

    (c) **Fact Discovery Cut Off**. Except for Rule 26(a)(1) disclosures, all fact discovery in this case will be completed on or before **October 31, 2026**. Fact depositions may be taken at any time prior to the expiration of the fact discovery deadline.

    (d) **Privilege Logs**. Privilege logs shall be produced in accordance with the Federal Rules of Civil Procedure so as to be completed within fourteen days (14) business days of the related document production. Privileged communications occurring after April 29, 2025, need not be included on a privilege log.

    (e) **Experts**. The Parties do not presently intend to call any expert witnesses. To the extent that changes, the Parties will meet and confer to discuss deadlines pertaining to expert discovery.

3. The Parties will submit a confidentiality order and ESI Protocol to the Court for approval on or before **April 3, 2026**.

4. Motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **June 1, 2026**.

5. Dispositive motions by any party are to be filed by **November 30, 2026**. Answer briefs in opposition thereto are to be filed by **December 30, 2026**. Reply briefs are to be filed by **January 13, 2027**.

6. A hearing on dispositive motions shall be set for **February 17, 2027** at **10:00 AM** in **Courtroom 9-D, Baltimore – Judge Rice**.

7. Parties must file pre-trial statements in conformity with Local Bankruptcy Rule 7016-1(b) within thirty (30) days of the Court's ruling on dispositive motions.

8. Trial time estimate **four (4) days**.

9. TRIAL IS SET FOR **DATE TO BE DETERMINED**.

10. Copies of all pleadings are to be served on the Office of the U.S. Trustee at 101 West Lombard Street, Suite 2650, Baltimore, Maryland 21201.

cc: All parties in interest

**End of Order**

Sched-33.1 --  2/23/05(cms)

## ATTACHMENT TO THE SCHEDULING ORDER

## INSTRUCTIONS FOR PRETRIAL MEMORANDA

A. Each plaintiff shall set out a brief statement of facts to be proven in support of plaintiff's claims and a separate statement of the legal theories supporting each claim.

B. Each defendant shall set out a brief statement of facts to be proven as a defense to each claim and a separate statement of the legal theories in support of each affirmative defense.

The following items must be supplied by all parties:

1. Where applicable, similar statements shall be filed with respect to a counter-claim, cross claim or third-party claim and defense thereto.

2. All parties must file a statement of claims and defenses no longer prosecuted.

3. Stipulations of fact by the parties are encouraged to shorten trial time and to obviate the necessity of calling witnesses solely for the purposes of authentication of undisputed facts.

4. Damages claimed must be stated in detail as of the date of the pre-trial memorandum and, if applicable, a precise statement of any other relief sought.

5. List separately each document or other exhibit that may be offered in evidence other than those expected to be used solely for impeachment.

6. List the name of each witness expected to be called on the party's behalf, other than a witness who may be called solely for impeachment purposes. Give address and telephone number of each witness listed.

7. List the name and area of expertise of each expert that the party proposes to call as a witness.

8. If any portion of a deposition will be offered by a party in its case in chief, identify the date, line numbers and pages of the deposition. Any other party must make a counter-designation as under Rule 32(a)(6) Fed.R.Civ.P.