Entered: April 10th, 2026
Signed: April 10th, 2026

## SO ORDERED

FURTHER ORDERED, that although this Order makes certain Local Rules of the U.S. District Court applicable to how the parties share, maintain, and protect documents, the Local Rules and practices of this Court shall govern how this Court processes and maintains documents unless otherwise ordered by this Court.



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc. *et al.*, | Chapter 7 |
| Debtors. | (Jointly Administered) |
| Alliance Entertainment, LLC, | |
| Plaintiff,<br>v. | |
| Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; Diamond Select Toys & Collectibles, LLC, Raymond James & Associates, Inc., Getzler Henrich & Associates LLC, Robert Gorin, Charlie Tyson, and Dan Hirsch, | Adv. Proc. No. 25-00112 (DER) |
| Defendants. | |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order (the "Confidentiality Order") is entered into by and among Counsel for Plaintiff/Counterclaim Defendant, Alliance Entertainment, LLC; Counsel for the Chapter 7 Trustee; Raymond James & Associates, Inc.; Getzler Henrich & Associates LLC; Robert Gorin; Charlie Tyson; and Dan Hirsch. Each of the persons or entities identified in the foregoing shall be referred to herein individually as a "Party," and collectively, as the "Parties". It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. This Confidentiality Order applies to all information, documents and things exchanged in or subject to discovery in or in connection with this proceeding that is produced by a Party or Non-Party (defined below, and each a "Producing Party"), to any Party (each a "Receiving Party"), formally or informally, in response to or in connection with any discovery request, including without limitation (i) informal discussions outside of formal discovery, (ii) deposition testimony (whether based upon oral examination or written questions), (iii) interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, and (iv) documents, information, expert reports, and things produced (including documents, information, and things produced to a Receiving Party for inspection, whether in the form of original or copies), as well as any and all copies, abstracts, digests, notes, summaries and excerpts thereof.

2. Any Party to this litigation and any Non-Party providing information in this action who becomes bound by this Order by signifying their assent through execution of the Agreement to Be Bound to Confidentiality Order attached hereto and incorporated herein as Exhibit A (hereinafter "Non-Party") shall have the right to designate as "Confidential" and subject to this Confidentiality Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) that contains private or confidential personal information, (c) that contains information received in confidence from third parties, or (d) which the Producing party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, Rules 7026 or 9018 of the Federal Bankruptcy Rules of Procedure, and Rule 104(13) of the Local Rules for the United States District Court for the District of Maryland (the "Local Civil Rules"). Any Party to this litigation or Non-Party covered by this Confidentiality Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing legend: "CONFIDENTIAL" (hereinafter "Confidential").

3. Any Party to this litigation and any Non-Party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Confidentiality Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating Party. Any Party to this litigation or any Non-Party who is covered by this Confidentiality Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory

answer, admission, pleading, or testimony, shall mark the same with the foregoing legend: "ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only").

4.     All Confidential and Attorneys' Eyes Only material shall be used by the receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 5 with respect to Confidential material, or set forth in Paragraph 7 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material to people not authorized in this Confidentiality Order, except by prior written agreement of counsel for the Parties, or by Order of the Court.

5.     Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a)     Outside counsel (herein defined as any attorney at the Parties' outside law firms, which firms have appeared in the action) and staff working under the direction of such counsel, relevant in-house counsel, insurance and reinsurance representatives for the Parties, and any external auditors or state regulators who must review confidential information as part of their auditor or regulatory duties;

(b)     Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the pParties;

(c)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d)     The Court and court personnel;

(e)     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient, or otherwise a recipient thereof, or if the producing Party consents to such disclosure

(f)     Any deponent or trial witness, and their respective counsel, in connection with their testimony;

(g)     Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare

demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(h)     The Receiving Parties. In the case of Parties that are corporations or other entities, "Receiving Party" in this context shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit; and

6.      Confidential material shall be used only by individuals permitted access to it under Paragraph 5. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the Party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7.      Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

(a)     Outside counsel (herein defined as any attorney at the Parties' outside law firms, which firms have appeared in the action) and staff working under the direction of such counsel;

(b)     In-house counsel designated in advance of disclosure by the Parties who are necessary for the prosecution or defense of the action;

(c)     Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the Parties;

(d)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e)     The Court and court personnel;

(f)     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient, or otherwise a recipient thereof, or if the producing Party consents to such disclosure;

(g)     Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and

clerical employees whose duties and responsibilities require access to such materials;

(h) The Receiving Parties. In the case of Parties that are corporations or other entities, "Receiving Party" in this context shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit; and

(i) To such other persons as counsel for the Producing Party agrees or as ordered by the Court.

8. Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 7. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the Party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9. With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a Party or Non-Party, such Party or Non-Party shall designate all or any portion of the transcript as containing Confidential material or Attorneys' Eyes Only material, or both, during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript to inform all other Parties or Non-Parties of which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a), (b), (c), (d) and (f) for Confidential material, or Paragraph 7 for Attorneys' Eyes Only material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(a), (b), (c), (d) and (f), or Paragraph 7 for Attorneys' Eyes Only material, during said thirty (30) days. Upon being informed that certain portions of a deposition transcript are to be designated as Confidential, or Attorneys' Eyes Only, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 and 6 or Paragraphs 7 and 8, respectively.

10. If counsel for a Party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting Party shall serve on the designating party or Non--Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating Party or Non-Party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If

the designating Party or Non-Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 105(11), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11.     Any document designated "Confidential" or "Attorneys' Eyes Only" by a Party or Non-Party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 105(11) and Part VII of the Electronic Case Filing Procedures contained in Appendix H to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland.

12.     Third parties producing documents in the course of this proceeding may also designate documents as Confidential or Attorneys' Eyes Only subject to the same protections and constraints as the Parties to this proceeding.

13.     This Confidentiality Order does not deprive any Party or third party of its right to object to discovery by any Party or any otherwise permitted ground.  This Confidentiality Order is without prejudice to the right of any Party to move the Court for modification of or relief from any of its terms.

14.     Any personally identifying information (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchange in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential.

15.     If the need arises during trial or at any hearing before the Court for any Party to disclose Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the producing Party and as directed by the Court.

16.     Data Breach. If a Party learns that material that Party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that Party must promptly notify the Producing Party of the breach, and cooperate with that Party to address the breach.

17.     The inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or Non-Party's claim that it is Confidential or Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or

- 6 -

unintentional disclosure may be rectified by notifying in writing (the "Clawkback Notice") counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Confidentiality Order.

18.    Within seven (7) days of receipt of a Clawback Notice, the Receiving Party shall treat such material in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. Such inadvertent or mistaken disclosure shall not by itself constitute a waiver by the Producing Party or third party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's or third party's claim of privilege within a reasonable time after receiving the Clawback Notice. To the extent the Receiving Party shall treat such material in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure but may retain one (1) copy of the challenged material for purposes of resolving the dispute.

19.    If the Clawback Notice is challenged, the Parties shall meet and confer within five (5) business days to resolve the dispute. In the event the Parties cannot resolve the dispute, the Producing Party may seek relief from the Court, including without limitation filing a motion for an order compelling the return of the clawed back material; provided, however, that the clawed back material is filed under seal. Without limiting any right to bring such motion to compel, the Receiving Party shall not use the clawed back material during any aspect of this proceeding or any other matter, including in depositions or at trial, unless the documents are later designated by a Court, or agreed to by the Parties, as not privileged or protected.

20.    The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing Party either in this case or in any other federal or state proceeding. This Confidentiality Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502. When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing Party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing Party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving Party to challenge the producing Party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

21.    If a Non-Party serves a Party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the Party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating Party's counsel, and shall notify the Party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The Party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material

in response to the request, whichever is later. In its sole discretion and at its own cost, the designating Party may oppose or seek to limit the demand in any legal manner. The Party who received the demand shall not oppose or otherwise interfere with the designating Party's actions.

22.     No information that is in the public domain or which is already known by the receiving Party through proper means or which is or becomes available to a Party from a source other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Confidentiality Order.

23.     This Confidentiality Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

24.     This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

25.     Within ninety (90) days following entry of a final, non-appealable order concluding the proceeding, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material or to destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a Party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

26.     The Parties shall separately execute a protocol for the exchange of electronically stored information, which protocol shall be entered by the Court.

27.     This Confidentiality Order may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

/s/   Jonathan A. Grasso
Jonathan A. Grasso, 19278
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401
(443) 569-0758
jgrasso@yvslaw.com

-and-

S. Jason Teele (admitted *pro hac vice*)
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-4779
steele@sillscummis.com

-and-

Randy Moonan (admitted *pro hac vice*)
Sills Cummis & Gross P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
212-500-1557
rmoonan@sillscummis.com

*Counsel for Alliance Entertainment, LLC*

/s/    Zvi Guttman
Zvi Guttman (06902)
The Law Offices of Zvi Guttman, P.A.
Post Office Box 32308
Baltimore, Maryland 21282
Telephone: (410) 580-0500
Email: zvi@zviguttman.com

*Counsel for Chapter 7 Trustee*

/s/   Matthew G. Summers
Matthew G. Summers (Fed. Bar No. 26572)
Ballard Spahr LLP
111 South Calvert Street, 27th Floor
Baltimore, Maryland 21202-6174
Telephone: (410) 528-5679
summersm@ballardspahr.com

-and-

Nicholas J. Brannick (admitted *pro hac vice*)
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4465
brannickn@ballardspahr.com
*Counsel for Raymond James & Associates, Inc.*

/s/     Kelly E. Rowe
Mark L. Desgrosseilliers (Bar No. 25945)
Kelly E. Rowe (Bar No. 31726)
Gregory Stuhlman (admitted *pro hac vice*)
Robert A. Weber (Bar No. 10105)
Chipman Brown Cicero & Cole, LLP
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
desgross@chipmanbrown.com
rowe@chipmanbrown.com
stuhlman@chipmanbrown.com
weber@chipmanbrown.com

*Counsel for Getzler Henrich & Associates, LLC and Robert Gorin*

  /s/   G. David Dean
G. David Dean, Esq. (Bar No. 26987)
Cole Schotz P.C.
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
ddean@coleschotz.com

-and-

H.C. Jones, III, Esq. (Bar No. 20064)
Cole Schotz P.C.
1201 Wills Street, Suite 320
Baltimore, MD 21231
Telephone: (410) 230-0660
Facsimile: (410) 230-0667
hjones@coleschotz.com

    -and-

Kori L. Pruett, Esq. (admitted *pro hac vice*)
Cole Schotz P.C.
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
kpruett@coleschotz.com

*Counsel for Defendants Charlie Tyson and
Dan Hirsch*

**END OF ORDER**

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc. *et al.*, | Chapter 7 |
| Debtors. | (Jointly Administered) |
| Alliance Entertainment, LLC, <br><br> Plaintiff, <br> v. <br><br> Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; Diamond Select Toys & Collectibles, LLC, Raymond James & Associates, Inc., Getzler Henrich & Associates LLC, Robert Gorin, Charlie Tyson, and Dan Hirsch, <br><br> Defendants. | Adv. Proc. No. 25-00112 (DER) |
| Diamond Comic Distributors, Inc. and Diamond Select Toys & Collectibles, LLC, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> Alliance Entertainment, LLC, <br><br> Counterclaim Defendant. | |

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

I, _____, being duly sworn, state that:

    1.    My address is _____.

2.   My present employer is _____ and the address of my present employer is _____

3.   My present occupation or job description is _____.

4.   I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

5.   I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.

6.   I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7.   No later than the final conclusion of the case, I will return all Confidential or Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____


_____
[Name]

- 2 -